UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DORIAN BAKER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 1:14-cv-02074-TWP-TAB |
| ) | |
| DUSHAN ZATECKY, ) | |
| ) | |
| Respondent. ) | |

**Entry Discussing Petition for Writ of Habeas Corpus**

The petition of Dorian Baker for a writ of habeas corpus challenges a prison disciplinary proceeding identified as No. ISR 14-07-0029. For the reasons explained in this Entry, Baker's habeas petition must be **denied**.

**Discussion**

**A. Overview**

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000).

**B. The Disciplinary Proceeding**

On July 8, 2014, Officer B. Martz wrote a Report of Conduct that charged Baker with class A offense 106, Possession of Dangerous/Deadly Weapon. The Conduct Report states:

> On the above date and approx. time I Ofc. B. Martz was doing a shakedown of Ofd. Baker # 193500 2-3E person and cell and found a piece of a property box sharpened to a point on one end approx. 7 1/2" in length inside of Ofd. Baker's mattress in his cell 2-3E JCH.

The Notice of Confiscated Property report described the confiscated property as one piece of a property box sharpened to a point on one end, and one property box. A photo of the sharpened item and other photos from the incident were collected.

On July 19, 2015, Baker was notified of the disciplinary charge when he was served with the Conduct Report and the Notice of Disciplinary Hearing. Baker was notified of his rights, pleaded not guilty and requested the appointment of a lay advocate. He indicated he wished to call offenders Herbert Ross and D. Sanders as witnesses, and as physical evidence he requested video and pictures of the evidence given to him at screening.

Offender Sanders provided a written statement that said another offender moved out of Baker's cell before Baker moved in, the cell was never searched before Baker's arrival, and the weapon was found a couple of days later. Offender Ross provided a similar statement, and said he never saw the correctional officer search the room before Baker moved in.

The hearing officer conducted the disciplinary hearing in ISR 14-07-0029 on July 24, 2014. Baker's comments were that policy requires cells to be searched before they move in, he had only been in for two to three weeks, his box has his number on it, the Constitution gives him rights the facility did not give him, and prison policies violate the Constitution. The hearing officer found Baker guilty of the charge of Possession of a Dangerous/Deadly Weapon. In making this determination, the hearing officer considered staff reports, Baker's statement, evidence from

witnesses, and the pictures. As the reason for the decision the hearing officer said the Conduct Report was supported by the picture evidence. The hearing officer recommended and approved sanctions including one year in disciplinary segregation, 365-days earned credit time deprivation and demotion from credit class 1 to credit class 3.

Baker appealed to the Facility Head on August 5, 2014. The Facility Head denied the appeal on August 20, 2014. Baker appealed to the Final Reviewing Authority, who denied his appeal by letter dated October 2, 2014.

### C. Analysis

Baker brings a petition for habeas relief on the grounds that 1) the Conduct Report was not initialed, in violation of the Disciplinary Code for Adult Offenders ("ADP"); 2) he did not receive the proper paperwork for segregation, and was segregated before the disciplinary hearing, in violation of the ADP; 3) he was demoted from credit class 1 to credit class 3 without the completion of certain forms, in violation of the ADP; 4) he was improperly denied his request for the property box and a witness statement for Martz.

Baker is not entitled to habeas relief because he was afforded due process. The first three grounds in Baker's Petition are based on violations of the ADP. But, prison regulations like the ADP are "primarily designed to guide correctional officials in the administration of a prison. [They are] not designed to confer rights on inmates." *Sandin v. Conner*, 515 U.S. 472, 481-82 (1995). The process due here is measured by the Due Process Clause of the United States Constitution, not the internal policies of the prison. *See Shakur v. Selsky*, 391 F.3d 106, 119 (2d Cir. 2004) ("[R]egardless of state procedural guarantees, the only process due an inmate is that minimal process guaranteed by the Constitution."). In other words, the ADP violations alleged by the

3

petitioner do not entitle him to any habeas corpus relief. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Hester v. McBride*, 966 F.Supp. 765, 774-75 (N.D. Ind. 1997).

Baker complains in his fourth ground that he was denied, without explanation, the property box he requested as evidence. Assuming that the property box was properly requested, the failure to present this box at screening is not exculpatory. Baker was found guilty of Possession of Dangerous/Deadly Weapon which was found hidden in his mattress. He states that he needed the actual property box to show that the property box was not his and that it came from another inmate. But, whether Baker's property box was manipulated to create this weapon, or if the weapon had been created by someone else is irrelevant.

Baker also argues in his petition and traverse that he was denied the opportunity to call Officer B. Martz as a witness and to cross examine him. Baker states that he would have asked Martz if it is possible that the weapon was not found in Baker's room and that she was mistaken when issuing the conduct report. No relief is warranted on this basis, however, because Baker had no right to cross-examine witnesses in this context, *Rasheed-Bey v. Duckworth,* 969 F.2d 357, 361 (7th Cir. 1992) (citing *Baxter v. Palmigiano,* 425 U.S. 308, 322-23 (1976)); *see also Brown-Bey v. United States,* 720 F.2d 467, 469 (7th Cir. 1983) ("Confrontation and cross-examination of witnesses in the context of a prison disciplinary proceeding are matters left to the sound discretion of prison officials.").

Finally, Baker suggests that he was denied an impartial decision maker. A prisoner in a disciplinary action has the right to be heard before an impartial decision maker. *Hill*, 472 U.S. at 454. A "sufficiently impartial" decision maker is necessary in order to shield the prisoner from the arbitrary deprivation of his liberties. *Gaither v. Anderson,* 236 F.3d 817, 820 (7th Cir. 2000) (per curiam); *Redding v. Fairman,* 717 F.2d 1105, 1112, 1116 (7th Cir. 1983). But the fact that Baker

disagrees with the hearing officer's decision is insufficient to show bias. *Piggie v. Cotton,* 342 F.3d 660, 666 (7th Cir.2003) ("Adjudicators are entitled to a presumption of honesty and integrity.").

Accordingly, all of Baker's challenges to his disciplinary conviction lack merit.

### D. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Baker to the relief he seeks. Accordingly, Baker's petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 12/14/2015

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel

DORIAN BAKER
193500
PENDLETON - CF
Electronic Service Participant -- Court Only